UNITED STATES of America,
Plaintiff-Appellee,

v.

George VERKLER, Defendant-
Appellant.

No. 15-30244

United States Court of Appeals,
Ninth Circuit.

Submitted December 14, 2016 *

Filed December 19, 2016

Helen J. Brunner, Esquire, Assistant U.S. Attorney, Francis Franze-Nakamura, Esquire, Assistant U.S. Attorney, DOJ-Office of the U.S. Attorney, Seattle, WA, for Plaintiff-Appellee

George Verkler, Pro Se

Before: WALLACE, LEAVY, and FISHER, Circuit Judges.

MEMORANDUM **

George Verkler appeals from the district court's judgment and challenges his guilty-plea convictions and 24-month concurrent sentences for theft of government funds, in violation of 18 U.S.C. § 641, consecutive to 24-month concurrent sentences for aggravated identity theft, in violation of 18 U.S.C. § 1028A. Pursuant to *Anders v. California*, 386 U.S. 738, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967), Verkler's counsel has filed a brief stating that there are no

grounds for relief, along with a motion to withdraw as counsel of record. Verkler has filed pro se supplemental opening and reply briefs. No answering brief has been filed.

Verkler waived his right to appeal his conviction and sentence. Our independent review of the record pursuant to *Penson v. Ohio*, 488 U.S. 75, 80, 109 S.Ct. 346, 102 L.Ed.2d 300 (1988), discloses no arguable issue as to the validity of the waiver, including the voluntariness of the plea. *See United States v. Watson*, 582 F.3d 974, 986–88 (9th Cir. 2009). We accordingly dismiss the appeal. *See id.* at 988.

To the extent that Verkler seeks to raise claims of ineffective assistance of counsel, we decline to address these issues on direct appeal. *See United States v. Rahman*, 642 F.3d 1257, 1259–60 (9th Cir. 2011).

Counsel's motion to withdraw is **GRANTED**; Verkler's pro se motion to dismiss counsel and to appoint substitute counsel is **DENIED**.

**DISMISSED.**

---

* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

** This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36–3.